# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DHUHA ALWAN, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> CARL RISCH, et al. : <br> : <br> Defendants. : <br> : | Case No. 2:18-CV-0073 <br><br> JUDGE ALGENON L. MARBLEY <br><br> Magistrate Judge Vascura |

## **OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 8). Plaintiffs have successfully applied to the Clerk for Entry of Default as to all the Defendants, and the Clerk has so entered. (ECF Nos. 1, 7). Plaintiffs now request this Court enter an order of default judgment and issue a Writ of Mandamus compelling Defendants to adjudicate Plaintiff's consular visa applications. (ECF No. 8).

### I. BACKGROUND

#### A. Factual Background

Plaintiff, Dhuha Alwan, is a United States citizen who resides in Columbus, Ohio. (ECF No. 8-11, at 1). In January 2015, Plaintiff filed two Form I-130 Petitions for Alien Relative on behalf of both her parents (*Id*. at 1). Her father, Mahmood Hamady, and mother, Layla Hamoud, are Iraqi citizens living in Amman, Jordan. (*Id*.). The I-130 petitions were approved by U.S. Citizenship and Immigration Services ("USCIS") on or about February 6, 2015 and forwarded to the United States Embassy in Amman, Jordan for processing and scheduling of an immigrant visa interview. (*Id.*). On December 6, 2016, Plaintiffs Hamady and Hamoud arrived for their immigrant visa interviews at the U.S. Embassy in Amman, Jordan. (*Id*.). Following the

interviews, Plaintiff Hamady received notice informing him that his case was subject to administrative processing. (ECF No. 8-5 at 1). The notice also indicated that "administrative processing takes an average of five months to complete." (*Id.*).

In January 2017, the Embassy requested Plaintiff Hamady to complete a supplemental questionnaire which was completed and submitted. (ECF No. 1 at 6). Since January 2017 and despite numerous inquiries into the status of the pending visas, Plaintiff Alwan has received the same response each time she has inquired as to the status of the pending applications: that the cases are still in administrative processing. (ECF No. 8-11 at 2). When performing an online inquiry with the case numbers of Plaintiffs Hamady and Hamoud, the system shows a status of "administrative processing" and explains that "[t]his processing can take several weeks. (*Id.*). Thus far, the Embassy has failed to issue a decision on Plaintiffs Hamoud's and Hamady's immigrant visa applications. (ECF 8-11 at 3).

Plaintiff Alwan has explained in detail the need for such a decision due to the health problems of her father. (*Id.*). Plaintiff Hamady has had severe diabetes since 1980 and suffers from related symptoms such as hypertension, thyroid complications, and vision impairment. (*Id.*). Plaintiff Alwan and her husband are both physicians capable of providing medical care and emotional support but are unable to do so while Plaintiffs Hamady's and Hamoud's immigrant visa applications are still pending. (*Id.*).

### B. Procedural History

On January 29, 2018, Plaintiffs filed a Complaint for Writ of Mandamus alleging violations of the Mandamus Act and the Administrative Procedure Act ("APA") for unreasonable delay in processing of Plaintiff's immigrant visa applications which have now been pending for over three years. (ECF No. 1 at 1).

Plaintiffs named three defendants in the Complaint: (1) Defendant Carl Risch, Assistant Secretary for Consular Affairs at the U.S. Department of State; (2) Defendant Edward Ramotowski, Deputy Assistant Secretary for Visa Services at the U.S. Department of State; and (3) Defendant Sean Cooper, the Consul General of the U.S. Embassy in Amman, Jordan. (ECF No. 8 at 7). Plaintiffs then served each Defendant with a copy of the summons and complaint via certified mail, as well as the U.S. Attorney for the Southern District of Ohio, and the Attorney General for the United States as required by Federal Rule of Civil Procedure 4(i). (*Id*. at 7-8). To this day, Defendants have completely failed to respond to the Complaint and likewise failed to even file an appearance in this case. (*Id*., ECF No. 8-8 at 2).

On June 13, 2018, Plaintiffs filed a request with the Clerk of Court for an entry of default against all Defendants in accordance with Federal Rule of Civil Procedure 55(a), 135 days after the filing of the complaint. (ECF No. 8 at 5). On June 18, 2018, the Clerk of Court for the United States District Court for the Southern District of Ohio entered default against all Defendants. (ECF No. 7). Defendants have still failed to respond or even file an appearance, and Plaintiffs have now filed a Motion for Default Judgment. (ECF No. 8).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) provides that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  To obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must first be an entry of default under 55(a) with the Clerk.  *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment").  Federal Rule of Civil Procedure

12(a)(1)(A)(i) states that a defendant "must serve an answer within 21 days after being served with a complaint." FED. R. CIV. P. 12(a). Following the entry of default, a plaintiff seeking default judgement against the United States must establish "a claim or right to relief by evidence that satisfies the court." FED. R. CIV. P. 55(d).

## III.  ANALYSIS

As Plaintiffs have already successfully applied for an Order of Default and the Clerk has so entered, this Court must now determine whether Plaintiffs have established a claim or right to relief pursuant to Federal Rule of Civil Procedure 55(d).

### A. Mandamus Act

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

A writ of mandamus is a "drastic [remedy], to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.* 449 U.S. 33, 34 (1980). Courts apply a three-part test as a pre-requisite for granting such a writ, requiring that: (1) the plaintiff must present a "clear and certain claim," (2) the defendant government official must have a "nondiscretionary, ministerial" duty to act, and (3) "no other adequate remedy can be available." *Anjum v. Hansen*, 2007 WL 983215 (S.D. Ohio, March 28, 2007) (citing *Patel v. Reno*, 134 F.3d 929, 913 (9th Cir. 1988). *See also Segovia v. Village of Minerva Park, Inc.,* 2009 WL 5030791 (S.D. Ohio, December 11, 2009)

Plaintiffs meet these requirements. First, Plaintiffs obtained approval of an I-130 Petition for Alien Relative, submitted all other necessary documentation, and paid the required fees. Accordingly, Plaintiffs complied with the statutory and regulatory requirements for obtaining

4

immigrant visas but still have yet to have their visa applications decided upon. Plaintiffs' claim is that Defendants have failed to adjudicate their immigrant visa applications and have thus deprived Plaintiffs of their rights under 22 C.F.R. § 42.81(a) and the Administrative Procedure Act to have a properly filed visa application decided in a timely manner. This Court finds this is a "clear and certain" claim.

Furthermore, the Defendants have a "nondiscretionary, ministerial" duty to act. The Immigration and Nationality Act ("INA") governs visa processing and "confers upon consular officers exclusive authority to review applications for visas." *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1156 (D.C. Cir. 1999); *see* INA § 201(b)(2)(A)(i), INA §§ 101(a)(9), (16). A "consular office is required by law to act on visa applications. *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997). Likewise, 22 C.F.R. § 42.81(a) mandates that "when a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular office must either issue or refuse the visa." Although Defendants have such a duty, they have yet to comply with it and have left Plaintiffs to wait in administrative processing. This duty to act is a nondiscretionary, ministerial duty that Defendants have failed to act upon.

Finally, Plaintiffs lack an alternative, adequate remedy. Plaintiffs have waited over three years for adjudication of their immigrant visa applications. While they have waited, Plaintiffs have consistently inquired online about the status of their applications, with the status of their applications showing "administrative processing" since December 6, 2016. (ECF No. 1 at 2). Plaintiff Alwan has likewise made many inquiries to the U.S. Embassy regarding the immigrant visa applications to no avail. Counsel for Plaintiffs also contacted and exchanged multiple emails and phone calls with Christopher Yates, an Assistant United States Attorney for the Southern

5

District of Ohio who is routinely assigned mandamus cases filed by CAIR-Ohio, the office of Plaintiffs' counsel. (ECF No. 8 at 4). Following these communications, Mr. Yates emailed Plaintiffs' counsel that "they will have a final decision by Tuesday, May 8th [2018]. (*Id*). (internal quotations omitted). Quite plainly, this did not come to pass, because Plaintiffs are still waiting for adjudication of their applications. Further, Defendants have yet to respond or even file an appearance. As a result, on Plaintiffs' request and for good cause shown, the Clerk of Courts has appropriately filed an Order of Default. As such, Plaintiffs are without an adequate alternative remedy because "[c]ontinuing to wait indefinitely after waiting for over two years is not an adequate remedy." *Anjum,* 2007 WL 983215 at *5 (citing *Lazli v. U.S. Citizenship and Immigration Services,* 2007 WL 496351 at *18 (D. Ore. 2007)). Plaintiffs have already waited three years and have received virtually no information on the status of their applications with zero evidence that this will change. Therefore, Plaintiffs have proven a lack of adequate, alternative remedies.

### B. Administrative Procedure Act

For a district court to grant the writ of mandamus, one of the requirements is that no other adequate remedy is available. Plaintiffs have also alleged violations of the Administrative Procedure Act ("APA"), which, at first, suggests an alternative remedy might be available. However, these claims function together, whereby a District Court compels agency action or inaction under the Administrative Procedure Act through the writ of mandamus.

Specifically, when "the agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by §555(b) of the Administrative Procedure Act, the Court has the power to grant a writ of mandamus compelling an adjudication." *Ceken v. Chertoff*, 536 F. Supp. 2d 211, 216 (D. Conn. 2008) (citing *American Academy of Religion v.*

6

*Chertoff*, 463 F. Supp. 2d 400, 420 (S.D.N.Y.2006)). Therefore, Plaintiffs one adequate remedy is the writ of mandamus, to be issued by this Court pursuant to the APA.

The APA authorizes a district court reviewing agency action to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Pursuant to 5 U.S.C. § 551(13), "agency action" includes "an agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." A "failure to act…is simply the omission of an action without formally rejecting a request—for example, the failure to take some decision by a statutory deadline." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004). Notably, a "failure to act" is limited, as are the other "agency actions" within § 551(13), to a discrete action. *Id.*

A second limitation is that the "only agency action that can be compelled under the APA is action legally *required*." *Norton*, 542 U.S. at 63. (emphasis in the original). As such, a "claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Id.* at 64. Therefore, if "an agency is compelled by law to act within a certain period of time, but the manner of the action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." *Id.*

As Plaintiffs have noted, 5 U.S.C. § 555(b) requires agencies to address the matters before them in a timely fashion, specifying that "[w]ith due regard for the convenience and necessity of the parties or their representative and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The Immigration and Nationality Act ("INA"), which governs visa processing, "confers upon consular officers exclusive authority to review applications for visas." *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1156 (D.C. Cir. 1999); *see*

INA § 201(b)(2)(A)(i), INA §§ 101(a)(9), (16). A "consular office is required by law to act on visa applications" and may not hold them in abeyance. *Patel v. Reno*, 134 F. 3d 929, 932 (9th Cir. 1997). Likewise, 22 C.F.R. § 42.81(a) mandates that "when a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular office must either issue or refuse the visa."

Here, Plaintiffs have successfully completed their I-130 immigrant visa applications and these applications were submitted to and approved by USCIS. Likewise, Plaintiffs forwarded all relevant visa application materials to the U.S. Embassy in Amman, Jordan and later completed their immigrant visa interviews. Plaintiff Hamady also completed and submitted the supplemental questionnaire as requested. Although the procedures required of the immigrant visa application process were followed, Plaintiffs' applications are still entrenched in "administrative processing," which takes an average of five months to complete. Presently, this process has taken over three years to complete and is still ongoing at this time.

Not only is the U.S. Embassy required by law to make a decision on the pending application, the decision must be done within a reasonable time. Furthermore, the action Plaintiffs request—adjudication of their immigrant visa applications—is a discrete agency action the agency is required to make. The issuance or denial of visas is the responsibility of consular officers under the INA. *See* INA § 201(b)(2)(A)(i); INA §§ 101(a)(9). However, the agency U.S. has failed to take the required action or issue its decision.

Because issuing or denying an immigrant visa application is action legally required of the Embassy and its consular officers, this Court has the power to compel such action but may not dictate the outcome of that action. Plaintiffs are seeking "only to compel the consul to make a

*decision* on their visa applications, which the consul *is required to make* in the first place pursuant to 22 C.F.R. § 42.81(a)." *Raduga USA Corp. v. U.S. Dept. of State*, 440 F. Supp. 2d 1140, 1146 (S.D. Calif. 2005) (emphasis added). Notably, this failure to act – the failure to issuing or deny the visas without formally rejecting the request – is precisely the type of agency inaction the APA seeks to guard against. As such, this failure to act is a discrete agency action within the purview of the APA.

The failure of the U.S. Embassy and its consular officers to issue or deny Plaintiffs immigrant visa applications constitutes "agency action unlawfully withheld" because Defendants were required by law to decide upon the applications. Likewise, more than three-year delay Plaintiffs have faced is unreasonable. *See Raduga*, 440 F. Supp. 2d at 1149 (finding unreasonable a delay of four years and issuing a Writ of Mandamus to compel Defendants to render a final decision on Plaintiff's immigrant visa application). As such, Plaintiffs have established a right to relief under the Administrative Procedure Act, fulfilling the requirement of Federal Rule of Civil Procedure 55(d).

## IV.     REMEDY

For the foregoing reasons, this Court finds Plaintiffs have alleged facts that support the issuing of the writ of mandamus. Accordingly, this Court **ORDERS**:

1. Defendants and those acting under them shall perform their duty to adjudicate the Immigrant Visa applications of Layla Humoud and Mahmood Hamady without further delay, pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b) and § 701, *et. seq.*; and

2. Defendants and those acting under them shall perform their duty to adjudicate the Immigrant Visa applications of Layla Humoud and Mahmood Hamady without further delay pursuant to this Court's mandamus authority under 28 U.S.C. § 1361; and

3. Defendants' failure to adjudicate the Immigrant visa application of Layla Humoud

and Mahmood Hamady within sixty days of the date of this order shall result in the issuance of an order to show cause as to why Defendants should not be held in contempt; and

4. Attorneys' fees and costs shall be awarded to counsel for Plaintiffs, pursuant to 5 U.S.C. § 504, and 28 U.S.C. § 2412.

## V. CONCLUSION

Plaintiffs' request for writ of mandamus is **GRANTED**. Defendants shall adjudicate the visa applications as ordered.

**IT IS SO ORDERED.**

                             **s/Algenon L. Marbley**
                             **ALGENON L. MARBLEY**
                             **UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2019**